**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| BENJAMIN SCOTT JACOBY, § *Petitioner*, § § v. § CIVIL ACTION NO. 4:16-CV-03382 § *Consolidated with* LORIE DAVIS, § CIVIL ACTION NO. 4:16-CV-03383 Director of the Texas Department of § Criminal Justice - Correctional § Institutions Division, § *Respondent*. § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Benjamin Scott Jacoby, a Texas state inmate, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the duration of the sentence for his state conviction for aggravated robbery. Dkt. 2. The matter was referred to this magistrate judge by District Judge Lynn N. Hughes. Dkt. 3. Respondent filed a motion for summary judgment. Dkt. 13. After reviewing the record and the law, the Court recommends that Jacoby's petition be denied with prejudice.

## Background

Jacoby is currently serving two concurrent 40-year sentences after pleading guilty to aggravated robbery delivered by the 182nd Judicial District Court of Harris County, Texas, on July 28, 2005. Dkt. 2 at 3. Jacoby filed a state habeas corpus application challenging his conviction on ineffective assistance of counsel grounds, which the Texas Court of Criminal Appeals denied on November 2, 2016. Dkt. 2 at 7. Jacoby then filed this federal petition on November 16, 2016.

Jacoby claims that he was denied effective assistance of counsel because his trial counsel: (1) failed to conduct an independent investigation and present evidence of mental illness in mitigation of punishment, and (2) failed to request the appointment of a mental health expert and/or utilize an expert in mitigation of punishment. Dkt. 2 at 8.

## Analysis

Jacoby argues that he was denied the effective assistance of counsel during the sentencing phase of his trial when his counsel failed to present evidence of mental illness in an effort to mitigate punishment. Dkt. 2 at 8. In the same vein, Jacoby argues that counsel was defective for failing to hire a mental health expert to testify at sentencing. *Id.*

Jacoby's petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254 sets forth a "highly deferential standard for evaluating state court rulings, which demands the state court decision be given the benefit of the doubt." *Woodford v. Visclotti*, 537 U.S. 19, 24 (2002) (state courts are presumed to know and follow the law). The state court's factual determinations are presumed correct, and a habeas petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

To prevail on an ineffective assistance of counsel claim, the petitioner must prove: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In determining the merits of an alleged Sixth Amendment violation, courts "must be highly deferential" to counsel's

conduct, and a petitioner must show that counsel's performance fell beyond the bounds of prevailing objective professional standards. *Id*. at 687–89.

The Supreme Court has held that a defendant has "a right – indeed, a constitutionally protected right – to provide the jury with... mitigating evidence" and that defense counsel's failure to present such evidence falls short of prevailing professional standards. *Williams v. Taylor*, 529 U.S. 362 (2000). The Fifth Circuit requires the petitioner to prove that "absent counsel's errors, there is a reasonable probability that his sentence would have been significantly less harsh." *Dale v. Quarterman*, 553 F.3d. 876, 880 (5th Cir. 2008). This requires the court to consider "such factors as the defendants actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances." *Id*.

Jacoby argues that his presentence investigation report ("PSIR") put counsel on notice that he did in fact have some mental health issues that could mitigate the length of his sentence. Jacoby's PSIR indicates that he had seen a psychiatrist while on juvenile probation, was placed on medication, and had threatened suicide. Dkt. 12-23 at 36. In contrast, Jacoby repeatedly told trial counsel that he did not have any mental illness or psychiatric problems, and denied ever being suicidal. Further, no one, including Jacoby's mother, ever mentioned Jacoby had any mental health issues that should be taken into consideration. II SHCR-01 at 320-21. Thus, the state habeas court found that (1) Jacoby

3

did not present any evidence that suggested he suffered from mental health issues at the time he committed the robberies in 2004, and (2) Jacoby was mentally competent at the time trial counsel was appointed to represent him, and at the time of his plea. *Id*. at 322-23. Accordingly, the state habeas court concluded Jacoby failed to show that his "trial counsel had any reason to believe or suspect that he had any mental health history based on the totality of the information that trial counsel received from [Jacoby] or any other source." II SHCR-01 at 325; SHCR-02 at 335. The Court agrees. The Court gives deference to the state habeas court and presumes its findings to be correct given that Jacoby has not met his burden of offering clear and convincing evidence that the Court should conclude otherwise.

Even if there was error on behalf of Jacoby's trial counsel, it was not enough to prejudice Jacoby. The statutory penalty range for aggravated robbery, a first degree felony, calls for a 99-year maximum sentence and 5 year minimum, and Jacoby was sentenced to two concurrent 40-year sentences. TEX. PEN. C. §12.32. Jacoby's PSIR was available to the sentencing judge, and the state habeas court concluded that it was reviewed before sentencing Jacoby. SHCR-01 at 322. Since the sentencing judge was aware of Jacoby's potential health issues, there is no reasonable argument that Jacoby's sentence would have been significantly shorter if counsel had obtained his mental health records.

Federal habeas courts do not sit to correct errors of fact, but to ensure that individuals are not imprisoned in violation of the Constitution. *See e.g., Moore v.*

4

*Dempsey*, 261 U.S. 86, 87-88 (1923). Federal habeas relief would be merited if the state court's decision was incorrect and objectively unreasonable. *See Woodford v. Visciotti*, 537 U.S. 19, 27 (2002). Moreover, it is the state court's "ultimate decision" that is to be tested for unreasonableness, not every jot of its reasoning. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc). The state habeas court's ultimate decision that Jacoby had effective assistance of counsel was objectively reasonable given the totality of the circumstances. Further, this finding was unrebutted by Jacoby. Therefore, Jacoby's Sixth Amendment was not violated, and he is not entitled to federal habeas corpus relief.

## Conclusion

For these reasons, the Court recommends that Jacoby's petition be denied with prejudice. All remaining motions should be terminated as moot. Further, the Court finds that it is debatable whether this Court is correct in its ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the Court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas, on October 31, 2017.

Stephen Wm Smith
United States Magistrate Judge